1  LOCKE LORD LLP
   Regina J. McClendon (SBN: 184669)
2  rmcclendon@lockelord.com
   Lindsey Kress (SBN: 278213)
3  lkress@lockelord.com
   44 Montgomery Street, Suite 4100
4  San Francisco, CA  94104
   Telephone: 415-318-8810
5  Fax:        415-676-5816
6
7  Attorneys for Defendants
   CITIMORTGAGE, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
8  (erroneously sued as MERSCORP HOLDINGS INC.)

9
               UNITED STATES DISTRICT COURT
10
              NORTHERN DISTRICT OF CALIFORNIA
11

12
   CHANTELL CURL, an individual;            )   CASE NO. 3:14-cv-01829-VC
13                                          )
                                            )   **DEFENDANTS' NOTICE OF MOTION**
14                                          )   **AND MOTION TO DISMISS**
                                            )   **PLAINTIFF'S COMPLAINT**
15                 Plaintiff,               )
                                            )   Date:   June 5, 2014
16        vs.                               )   Time:   1:30 p.m.
                                            )   Place:  Courtroom 4
17 CITIMORTGAGE, INC., a New York Corporation; )
   MERSCORP HOLDINGS INC., a Delaware        )
18 Corporation; and DOES 1 through 25, inclusive, )
                                            )
19                                          )
                 Defendant.                 )
20                                          )   Complaint Filed:  March 20, 2014

21

22

23

24

25

26

27

28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 5, 2014 at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, defendants CitiMortgage, Inc. ("CitiMortgage") and Mortgage Electronic Registration Systems, Inc. ("MERS"), erroneously sued as MERSCORP Holdings Inc., (collectively, "Defendants"), through their undersigned counsel, will bring for hearing, in Courtroom 4 of the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California, their Motion to Dismiss the Complaint filed by plaintiff Chantell Curl ("Plaintiff").

Defendants seek dismissal of the Complaint and each of its causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that each cause of action fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, Defendants' Request for Judicial Notice, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

Dated:  April 28, 2014

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Regina J. McClendon*
Regina J. McClendon
Lindsey E. Kress

Attorneys for Defendants
CITIMORTGAGE, INC. and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. (erroneously sued as MERSCORP
HOLDINGS INC.)

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Plaintiff's first cause of action for "cancellation of voidable contracts" states a claim upon which relief can be granted.

2.      Whether Plaintiff's second cause of action for intentional misrepresentation states a claim upon which relief can be granted.

3.      Whether Plaintiff's third cause of action for negligent misrepresentation states a claim upon which relief can be granted.

4.      Whether Plaintiff's fourth cause of action for breach of contract states a claim upon which relief can be granted.

5.      Whether Plaintiff's fifth cause of action for breach of warranty of good faith and fair dealing states a claim upon which relief can be granted.

6.      Whether Plaintiff's sixth cause of action for negligence states a claim upon which relief can be granted.

7.      Whether Plaintiff's seventh cause of action for violation of the California unfair competition law states a claim upon which relief can be granted.

8.      Whether Plaintiff's eighth cause of action for declaratory relief states a claim upon which relief can be granted.

9.      Whether Plaintiff's ninth cause of action for injunctive relief states a claim upon which relief can be granted.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Defendants' Motion to Dismiss Plaintiff's Complaint
*Curl v. CitiMortgage, et al.*, Case no. 3:14-cv-01829-VC

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................1

II. STATEMENT OF FACTS ...................................................................................................1

III. LEGAL ARGUMENT .........................................................................................................2

    A.      Plaintiff Is Judicially Estopped From Asserting Any of Her Claims Against Defendants.....................................................................................................................2

    B.      The Entire Complaint Should Be Dismissed Because Plaintiff's Allegations Fail To Give Defendants Fair Notice In Violation of Rule 8(a).....................................4

    C.      Plaintiff Has Failed To Tender .................................................................................5

    D.      Plaintiff's Claims Fail for Additional Reasons .......................................................6

        1.        Plaintiff's Origination-Based Claims Must Fail Because They Are Time-Barred6

        2.        Plaintiff's First Cause Of Action Fails To State A Claim ...................................6

        3.        Plaintiff's Second And Third Fraud-Based Causes Of Action Fail As A Matter Of Law ...................................................................................................................8

        4.        Plaintiff's Fourth Cause Of Action For Breach Of Contract Fails To State A Claim .................................................................................................................10

        5.        Plaintiff's Fifth Cause Of Action For Breach Of Warranty Of Good Faith and Fair Dealing Fails To State A Claim .................................................................11

        6.        Plaintiff's Sixth Cause Of Action For Negligence Fails To State A Claim .......12

        7.        Plaintiff's Seventh Cause Of Action For Violation of California Business And Professions Code Section 17200 Fails To State A Claim ...............................13

        8.        Plaintiff's Eighth Cause Of Action For Declaratory Relief Fails As A Matter Of Law .................................................................................................................15

        9.        Plaintiff's Ninth Cause Of Action For Injunctive Relief Fails As A Matter Of Law .................................................................................................................15

IV. CONCLUSION ..................................................................................................................15

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aaron v. Aguirre,*
  No. 06-1451, 2007 WL 959083 (S.D. Cal. Mar. 8, 2007) ......................................................4

*Agosta v. Astor,*
  120 Cal. App. 4th 596 (2004) ...............................................................................................11

*Alperin v. Vatican Bank,*
  410 F.3d 532 (9th Cir. 2005) ................................................................................................1

*Altman v. PNC Mortg.,*
  850 F.Supp.2d 1057 (E.D. Cal. Jan. 20, 2012) ....................................................................14

*Amelco Electric v. City of Thousand Oaks,*
  27 Cal.4th 228 (2002) ...........................................................................................................10

*Arnolds Management Corp. v. Eischen,*
  158 Cal.App.3d 575 (1984) ...................................................................................................5

*Batt v. City and County of San Francisco,*
  155 Cal.App.4th 65 (2007) ....................................................................................................15

*Bernardo v. Planned Parenthood Fed. of America,*
  115 Cal. App. 4th 322 (2004) ................................................................................................13

*Bionghi v. Metro Water Dist.,*
  70 Cal.App.4th 1358 (1999) ..................................................................................................12

*Cadio v. Owens–Illinois, Inc.,*
  125 Cal.App.4th 513 (2004) ...................................................................................................9

*Californians for Native Salmon and Steelhead Ass'n v. Department of Forestry,*
  221 Cal.App.3d 1419 (1990) ..................................................................................................15

*Carr v. Beverly Health Care & Rehab. Servs., Inc.,*
  No. C-12-2980 EMC, 2013 WL 5946364 (N.D. Cal. Nov. 5, 2013)......................................3

*Castaneda v. Saxon Mortg. Services, Inc.,*
  687 F.Supp.2d 1191 (E.D. Cal. 2009).....................................................................................7

*In re Cheng,*
  308 B.R. 448 (B.A.P. 9th Cir. 2004)........................................................................................4

*Chroma Lighting v. GTE Products Corp.,*
  111 F.3d 137, 1997 WL 175062 (9th Cir. 1997) ....................................................................11

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Defendants' Motion to Dismiss Plaintiff's Complaint
*Curl v. CitiMortgage, et al.*, Case no. 3:14-cv-01829-VC

*In re Coastal Plains, Inc.*,
179 F.3d 197 (5th Cir. 1999) ...................................................................3

*Copesky v. Superior Court*,
229 Cal.App.3d 678 (1991) ....................................................................12

*Corazon v. Aurora Loan Services, LLC*,
2011 WL 1740099 (N.D. Cal. May 5, 2011) ......................................4, 5

*Cusano v. Klein*,
264 F.3d 936 (9th Cir. 2001) ...............................................................2, 3

*Daro v. Superior Court*,
151 Cal. App. 4th 1079 (2007) ...............................................................14

*DeLeon v. Wells Fargo Bank, N.A.*,
2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ..........................................14

*Durell v. Sharp Healthcare*,
183 Cal.App.4th 1350 (2010) .................................................................10

*Foster v. SCME Mortg. Bankers, Inc.*,
No. 2:10-518 WBS GGH, 2010 U.S. Dist. LEXIS 70378 (E.D. Cal. June 25, 2010) ...............7

*Gaffney v. Downey Savings & Loan Assn.*,
200 Cal. App. 3d 1154 (1988) ..................................................................5

*Gauvin v. Trombatore*,
682 F.Supp. 1067 (N.D. Cal. 1988) .........................................................4

*Glue-Fold, Inc. v. Slautterback Corp.*,
82 Cal.App.4th 1018 (2000) ...................................................................15

*Hagan v. Fairfield*,
238 Cal.App.2d 197 (1965) .....................................................................15

*Hamilton v. Greenwich Investors XXVI, LLC*,
195 Cal.App.4th 1602 (2011) .............................................................9, 10

*Hamilton v. State Farm Fire & Cas. Co.*,
270 F.3d 778 (9th Cir. 2001) ....................................................................3

*Hay v. First Interstate Bank of Kalispell*,
978 F.2d 555 (9th Cir. 1992) ................................................................3, 4

*Hill v. Mortgage Electronic Registration Systems, Inc.*,
2012 WL 94476 (C.D. Cal. 2012) ............................................................7

*Kentucky Fried Chicken of Cal., Inc. v. Superior Court*,
14 Cal.4th 814 (1997) .............................................................................12

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

iii

*Khoury v. Maly's of Cal., Inc.,*
    14 Cal. App. 4th 612 (1993) .................................................................13, 14

*In re Kottmeier,*
    240 B.R. 440 (Bankr. M.D. Fla. 2002) ......................................................2, 3

*Kourtis v. Cameron,*
    419 F.3d 989 (9th Cir. 2005) ........................................................................2

*Krantz v. BT Visual Images, LLC,*
    89 Cal. App. 4th 164 (2001) ........................................................................13

*Lal v. American Home Mortg. Servicing, Inc.,*
    2009 WL 3126450 (E.D. Cal. Sept. 24, 2009) ...........................................12

*Leids v. Metlife Home Loans,*
    2009 WL 4894991 (C.D. Cal. Dec. 7, 2009) ..............................................12

*Lomboy v. SCME Mortgage Bankers,*
    2009 WL 1457738 (N.D. Cal. 2009) .............................................................7

*Mabry v. Superior Court,*
    185 Cal. App. 4th 208 (2010) ........................................................................5

*Madrid v. Bank of America Corp.,*
    2011 WL 1597475 (S.D. Cal. Apr. 26, 2011) .............................................13

*McDowell v. Watson,*
    59 Cal. App.4th 1155 (1997) ......................................................................15

*Mendoza v. City of Los Angeles,*
    66 Cal.App.4th 1333 (1998) ........................................................................12

*Mir v. Little Co. of Mary Hosp.,*
    844 F.2d 646 (9th Cir. 1988) ........................................................................2

*Moss v. Moss,*
    20 Cal. 2d 640 (1942) ....................................................................................8

*Newman v. OneWest Bank, FSB,*
    No. 10-0064, 2010 WL 797188 (C.D. Cal. Mar. 5, 2010) ...........................4

*Nichols v. Keller,*
    15 Cal.App.4th 1672 (1993) ........................................................................12

*Nymark v. Heart Fed. Sav. & Loan Ass'n,*
    231 Cal.App.3d 1089 (1991) .......................................................................13

*Oaks Mgmt. Corp. v. Superior Court,*
    145 Cal. App. 4th 453 (2006) ......................................................................13

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

*Pac. Coast Med. Enters. v. Dep't of Benefit Payments*,
  140 Cal. App. 3d 197 (1983) ........................................................................8

*Pantoja v. Countrywide Home Loans, Inc.*,
  640 F. Supp. 2d 1177 (N.D. Cal. 2009) ...................................................14

*Pareto v. F.D.I.C.*,
  139 F.3d 696 (9th Cir. 1998) .......................................................................2

*Pension Trust Fund v. Federal Ins. Co.*,
  307 F.3d 944 (9th Cir. 2002) .....................................................................12

*Perez v. Wells Fargo Bank, N.A.*,
  2011 WL 3809808 (N.D. Cal. Aug, 29, 2011) .........................................14

*Perlas v. MERS*,
  No. C-09-4500-CRB, 2010 WL 3079262 (N.D., Cal., Aug. 5, 2010) .........7

*Philipson & Simon v. Gulsvig*,
  154 Cal.App.4th 347 (2007) ........................................................................9

*Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*,
  11 Cal. App. 4th 1031 (1992) ....................................................................11

*In re Sagent Tech., Inc.*,
  278 F.Supp.2d 1079 (N.D. Cal. 2003) .........................................................5

*Scripps Clinic v. Superior Court*,
  108 Cal. App. 4th 917 (2003) ....................................................................14

*Shell Oil v. Richter*,
  52 Cal.App.2d 164 (1942) ..........................................................................15

*Sipe v. McKenna*,
  88 Cal.App.2d 1001 (1948) ..........................................................................5

*Smith v. City & County of San Francisco*,
  225 Cal.App.3d 38 (1990) ..........................................................................11

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
  2 Cal.App.4th 153 (1991) .............................................................................9

*In re VerifoneSecs. Litig.*,
  11 F.3d 865 (9th Cir. 1993) .........................................................................1

*Vertkin v. Wells Fargo Home Mortgage*,
  2010 WL 3619798 (N.D. Cal. 2010) ......................................................3, 4

*Western Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) .......................................................................2

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

*Wilhelm v. Pray, Price, Williams & Russell*,
    186 Cal.App.3d 1324 (1986) ..................................................................9

*Williams v. Bank of Am.*,
    2010 WL 3034197 (E.D. Cal. 2010) ......................................................10

**STATUTES**

Bus. & Prof. Code § 17200 ..................................................................6, 13

Bus. & Prof. Code § 17204 ......................................................................13

Bus. & Prof. Code §§ 17208 ................................................................6, 13

Cal. Rev. & Tax Code § 23304.1 ........................................................6, 7, 8

Cal. Rev. & Tax Code § 23305a ................................................................6

Civ. Code § 1439 ....................................................................................10

Civ. Code § 2923.5 ..................................................................................5

Code Civ. Proc. §§ 335.1 ..........................................................................6

Code Civ. Proc. §§ 337 ............................................................................11

Code Civ. Proc. § 338 ...........................................................................8, 9

Code Civ. Proc. § 343 ...............................................................................8

Code Civ. Proc. § 1060 ............................................................................15

Corp. Code § 167 ......................................................................................7

Corp. Code § 71 ........................................................................................7

Corp. Code § 191 ......................................................................................7

Corp. Code § 2105 ................................................................................6, 8

**OTHER AUTHORITIES**

4 Miller & Starr, Cal. Real Estate, 3d ........................................................7

Rule 8 ..................................................................................................4, 5

Rule 12(b)(6) ............................................................................................1

Defendants' Motion to Dismiss Plaintiff's Complaint
*Curl v. CitiMortgage, et al.*, Case no. 3:14-cv-01829-VC

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants CitiMortgage, Inc. ("CitiMortgage") and Mortgage Electronic Registration Systems, Inc. ("MERS"), erroneously sued as Merscorp Holdings Inc.[1], (collectively, "Defendants") move to dismiss Plaintiff Chantell Curl's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiff has filed this meritless Complaint as an attempt to avert a *potential* foreclosure of real property located in Antioch, California, though no foreclosure is currently pending.  After nearly six years of enjoying the benefits of the mortgage loan secured by the subject property, Plaintiff seeks to avoid the associated payments by filing this Complaint in which she asks that this Court disregard her contractual obligations and grant her an unencumbered interest in the subject property. In an effort to do so, Plaintiff asserts various vague claims pertaining to inapplicable statutes and further seeks to impose a duty of care where none exists.   Notably, Plaintiff attempts to assert certain claims primarily relating to "predatory lending" that allegedly occurred during the origination of her home loan, despite the fact that neither of the Defendants is alleged to be Plaintiff's original lender.  Moreover, any claims relating to the origination of Plaintiff's home loan in 2008 are necessarily time-barred.

As discussed at length below, each of Plaintiff's claims must fail as a matter of law. Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's Complaint in its entirety without leave to amend.

## II.    STATEMENT OF FACTS

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law.  *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re VerifoneSecs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).  In resolving a motion to dismiss, the Court generally accepts as true all material allegations in the complaint, as well as reasonable inferences to

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

---

[1] Plaintiff alleges that MERSCORP Holdings, Inc. is the successor to Mortgage Electronic Registration Systems, Inc. (Compl., ¶3.)  Plaintiff is incorrect, as the two are separate entities, but for purposes of this motion, Defendants will, as required by Rule 12(b)(6), assume the truth of this allegation.

be drawn from them.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  The Court, however, need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Also, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss."  *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *accord Kourtis v. Cameron*, 419 F.3d 989, 994 n. 2 (9th Cir. 2005).

In keeping with these rules, and without conceding for any other purpose the truth of Plaintiff's allegations, Defendants set forth the facts pertinent to this motion.

Plaintiff obtained a loan from Sterns Lending, Inc. ("Stearns") in the amount of $393,820 on June 5, 2008. (Compl., ¶ 3.)  This loan was secured by a deed of trust ("Deed of Trust") recorded against the real property located at 5309 Nez Perce Way, Antioch, California (the "Property"). (Compl., ¶¶ 3, 9; Request for Judicial Notice ["RJN"], Exh. A).  The Deed of Trust provided that the lender was Stearns, the trustee was First American Title Insurance Company, and the beneficiary was MERS.  (RJN, Exh. A).  An assignment of deed of trust evidencing the assignment of MERS' interest in Plaintiff's Deed of Trust from MERS to CitiMortgage was recorded against the Property on September 14, 2011.  (RJN, Exh. B). No foreclosure proceedings have been initiated on the Property.

Plaintiff contends that she has requested a loan modification from CitiMortgage within the last year due to "the exorbitantly high interest rate on her loan." (Compl., ¶ 49).  Plaintiff claims that she has not been informed whether her request for a loan modification has been approved or denied to date.  (*Id.*).

III.   **LEGAL ARGUMENT**

   A.   **Plaintiff Is Judicially Estopped From Asserting Any of Her Claims Against Defendants**

When a debtor files for bankruptcy protection, an estate is created, which is comprised of all the debtor's property interests at the time of filing.  *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001); *In re Kottmeier,* 240 B.R. 440, 442 (Bankr. M.D. Fla. 2002).  A bankruptcy estate "includes

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1   post-petition property interests."   *Kottmeier*, 240 B.R. at 442.  Post-petition interests include civil

2   claims which accrued while the bankruptcy is pending.  *Id.*; *Cusano*, 264 F.3d at 945 (assets of a

3   bankruptcy estate include the debtor's causes of action).

4          A Plaintiff is "estopped from making claims which [she] omitted from [her] bankruptcy

5   schedule."  *Vertkin v. Wells Fargo Home Mortgage*, 2010 WL 3619798, *3 (N.D. Cal. 2010).

6   "Judicial estoppel is an equitable doctrine which 'precludes a party from gaining an advantage by

7   taking one position, and then later seeking an advantage by taking a clearly inconsistent position.'"

8   *Id.* (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).

9          The Ninth Circuit has held that "[i]n the bankruptcy context, a party is judicially estopped

10   from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the

11   debtor's schedules or disclosure statements."   *Hamilton*, 270 F.3d at 783.  "The rationale

12   for…[these decisions] is that the integrity of the bankruptcy system depends on full and honest

13   disclosure by debtors of all of their assets."  *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir.

14   1999) (emphasis in original).  "[J]udicial estoppel will be imposed when the debtor has knowledge

15   of enough facts to know that a potential cause of action exists during the pendency of the

16   bankruptcy, but fails to amend his [or her] schedules or disclosure statements to identify the cause of

17   action as a contingent asset."  *Carr v. Beverly Health Care & Rehab. Servs., Inc.*, No. C-12-2980

18   EMC, 2013 WL 5946364, at *5 (N.D. Cal. Nov. 5, 2013).  It is not even necessary that a plaintiff

19   know "all" facts giving rise to a particular claim.  *See Hay v. First Interstate Bank of Kalispell*, 978

20   F.2d 555, 557 (9th Cir. 1992) ("We recognize that all facts were not known to [Plaintiff] at that time,

21   but enough was known to require notification of the existence of the asset to the bankruptcy court.")

22   (emphasis in original).  And it is also not necessary that the plaintiff understand that the facts "give

23   rise to a cause of action."  *Carr*, 2013 WL 5946364, at *5.

24          The discharge of a debt by the bankruptcy court, even if that discharge is later vacated, is

25   sufficient "judicial acceptance" of the debtor's assertions to provide a basis for judicial estoppel.

26   *Hamilton*, 270 F.3d at 784.  Likewise, "the bankruptcy court may 'accept' the debtor's assertions by

27   relying on the debtor's nondisclosure of potential claims in many other ways," including by

28   approving a debtor's plan of reorganization.  *Id.*, *citing Donaldson v. Bernstein*, 104 F.3d 547, 555-

56 (3rd Cir. 1997).  The confirmation of a plan constitutes sufficient "acceptance" of the accuracy of schedules so as to permit judicial estoppel.  *Hay*, 978 F.2d  556-57; *In re Cheng,* 308 B.R. 448, 453 (B.A.P. 9th Cir. 2004).

Here, Plaintiff filed a voluntary petition for Chapter 13 bankruptcy on August 10, 2011. (RJN, Exh. C).  However, despite having "knowledge of enough facts to know that" she had "potential" claims with respect to the origination of the loan in 2008 when she filed for bankruptcy three years later, Plaintiff filed her initial bankruptcy schedules and did not disclose a single claim against Defendants.  (RJN, Exh. C at p. 12, identifying another litigation matter but no claims against Defendants).  The Bankruptcy Court approved her proposed plan of reorganization based on these schedules.  (RJN, Ex. D).  Further, with respect to Plaintiff's claims concerning her recent requests for a loan modification, Plaintiff has never amended her bankruptcy schedules to include any such claims against Defendants.  (RJN, Exh. E).  Accordingly, Plaintiff is judicially estopped from asserting her claims in this case.  *See Vertkin*, 2010 WL 3619798, at *3 (stating that a debtor has an obligation to amend her schedules or disclosure statements to identify a cause of action as a contingent asset).  As such, this Court should grant Defendants' motion to dismiss each of Plaintiff's claims as a matter of law.

**B.      The Entire Complaint Should Be Dismissed Because Plaintiff's Allegations Fail To Give Defendants Fair Notice In Violation of Rule 8(a)**

"It has long been clear that Rule 8 requires 'more than empty boilerplate.'"  *Corazon v. Aurora Loan Services, LLC*, 2011 WL 1740099, *5 (N.D. Cal. May 5, 2011) (quoting *Gen-Probe, Inc. v. Amoco Corp.*, 926 F.Supp. 948, 962 (S.D. Cal. 1996)).  Furthermore, Rule 8 does not permit the undifferentiated lumping together of defendants.  *See Newman v. OneWest Bank, FSB*, No. 10-0064, 2010 WL 797188, *5 (C.D. Cal. Mar. 5, 2010) ("Plaintiffs' allegations fail to meet the basic pleading requirements of Rule 8(a) because they lump all of the defendants together.");  *Aaron v. Aguirre*, No. 06-1451, 2007 WL 959083, *16 n.6 (S.D. Cal. Mar. 8, 2007) ("[U]ndifferentiated pleading against multiple defendants is improper.");  *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple defendants fails to satisfy notice requirement of Rule 8(a)).  In all, the "failure to indicate which defendant was allegedly responsible for which wrongful

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1  act and to provide well-pleaded factual allegations in support of each cause of action renders [a]

2  [c]omplaint deficient under Rule 8." *See Corazon*, 2011 WL 1740099 at *5.

3         Here, Plaintiff's Complaint fails to establish how and in which way CitiMortgage and MERS

4  each engaged in any unlawful conduct.  The entire complaint should be dismissed for this reason

5  alone.  *See id.*; *see also In re Sagent Tech., Inc.*, 278 F.Supp.2d 1079, 1094 (N.D. Cal. 2003) ("[T]he

6  complaint fails to state a claim because plaintiffs do not indicate which individual defendant or

7  defendants were responsible for which alleged wrongful act.").

8      **C.       Plaintiff Has Failed To Tender**

9         In addition to those reasons discussed above and below, Plaintiff's entire Complaint must fail

10  because she cannot bring a claim seeking to challenge any potential foreclosure sale of the Property

11  without alleging that she (1) has tendered or (2) is willing and able to tender the full loan proceeds.

12  *See Sipe v. McKenn*a, 88 Cal.App.2d 1001, 1006 (1948) ("A party may not without payment of the

13  debt, enjoin a sale by a trustee under a power conferred by a deed of trust…."); *Mabry v. Superior*

14  *Court*, 185 Cal. App. 4th 208, 225 (2010) (except claims brought pursuant to Civil Code section

15  2923.5, "tender of the full amount of payment before any foreclosure sale can be postponed" is the

16  "common law rule") (citation omitted).

17         Here, Plaintiff seeks equitable relief from a potential foreclosure, but fails to demonstrate that

18  she is unconditionally willing and *able* to tender the full loan proceeds. California law requires an

19  unambiguous and unconditional tender of the full amount of the debt owed.  *Arnolds Management*

20  *Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (1984) (tender must be of the "full amount of the debt for

21  which the property was security" and "unconditional to be valid"); *Gaffney v. Downey Savings &*

22  *Loan Assn.*, 200 Cal. App. 3d 1154, 1165 (1988) (debtor bears "responsibility to make an

23  unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no

24  effect").  While Plaintiff make several broad claims that she had "at all times, been ready, willing

25  and able to perform all of the obligations and warranties" under the loan (Compl., ¶¶ 39, 44),

26  Plaintiff simultaneously asserts that Defendants provided her with "too much money for a loan they

27  knew [she] couldn't afford" and failed to "provide adequate notice of default."  (Compl., ¶ 40).

28  Further, Plaintiff makes several references to her requests for a loan modification throughout the

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1   Complaint.  (Compl., ¶¶ 30, 49, 53).  Accordingly, it is clear that Plaintiff's attempts at alleging

2   tender are disingenuous as she is admittedly unable to make the loan payments as originally agreed.

3   As a result, Plaintiff's claims must fail on this additional basis.

4   **D.      Plaintiff's Claims Fail for Additional Reasons**

5       **1.      Plaintiff's Origination-Based Claims Must Fail Because They Are Time-**

6           **Barred**

7       All claims which are premised upon any acts or omissions in the origination of Plaintiff's

8   loan in 2008 are barred by the relevant statute of limitations. This includes the first, second, third,

9   fourth, and seventh causes of action.  Plaintiff admittedly received her home loan in 2008. (Compl.,

10  ¶ 3).  However, she did not file her Complaint until March 20, 2014—nearly six years later.  All of

11  Plaintiff's origination-based claims are barred as a result.  *See* Bus. & Prof. Code §§ 17208 (four-

12  year limitations period for actions brought under § 17200); Code Civ. Proc. §§ 335.1 (two-year

13  limitations period for negligence claims), 337 (four-year limitations period of claim based on breach

14  of written contract), 338(d) (three-year limitations period for fraud-based claims), 339 (two-year

15  limitations period of claim based on breach of oral contract), 343 (four-year catch-all limitations

16  period).

17      **2.      Plaintiff's First Cause Of Action Fails To State A Claim**

18      Plaintiff asserts that the Deed of Trust associated with the Property is voidable because

19  MERS was operating in the State of California from the period of January 1, 2006 through June 13,

20  2010 without a valid Certificate of Qualification in order to avoid paying taxes to the State of

21  California, in violation of California Corporations Code § 2105.  As a result of MERS' alleged

22  failure to comply with the California franchise tax laws, Plaintiff claims that the Deed of Trust is

23  voidable pursuant to Cal. Rev. & Tax Code §§ 23304.1(a), 23304.1(b), and 23305a.  However,

24  Plaintiff's claim that MERS' activity in the State of California renders the Deed of Trust voidable is

25  wholly unsubstantiated and specifically contradicted by California law.

26      At the outset, Plaintiff appears to assert that the Deed of Trust is actually a contract between

27  Plaintiff and MERS which is voidable because MERS was not registered to do business in California

28  at the time of the transaction.  However, it is important to note that a deed of trust actually involves

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1    three parties: the trustor, the trustee, and the beneficiary.  Specifically, the "trustor is the debtor

2    owning the property that is conveyed to the trustee as security for the obligation owed to the

3    beneficiary." 4 Miller & Starr, Cal. Real Estate, 3d. ed. § 10:3, p. 20 (2003).  Here, the Deed of Trust

4    expressly lists Plaintiff as the Trustor, First American Title Insurance Company as the Trustee, and

5    MERS as the beneficiary acting "solely as nominee" for Stearns Lending, Inc., the Lender.  (RJN,

6    Exh. A).  Further, the Deed of Trust contains various "uniform covenants" and "non-uniform

7    covenants," which are expressly characterized as being between "Lender" and "Borrower."  (*Id*.).  In

8    fact, nothing in the Deed of Trust suggests that the instrument is a contract solely between Plaintiff

9    and MERS.  Accordingly, Plaintiff has failed to establish that the Deed of Trust is voidable and

10   subject to cancellation pursuant to Cal. Rev. & Tax Code §§ 23304.1.

11          Further, contrary to Plaintiff's assertions, Cal. Rev. & Tax Code § 23304.1 and California

12   Corporations Code § 191 are not applicable because MERS has never operated illegally in

13   California.  Courts have repeatedly held that MERS' activities in the State of California were

14   permissible for an unregistered foreign corporation.  "MERS is statutorily exempted from the

15   requirement to obtain a certificate of qualification to conduct business in California.  MERS

16   registered as a Delaware corporation, which is a foreign corporation under California law.  Corp.

17   Code §§ 167, 171. MERS is not required to obtain a certificate of qualification from the Secretary of

18   State because it does not 'transact intrastate business' within the meaning of the statute." *Castaneda*

19   *v. Saxon Mortg. Services, Inc.,* 687 F.Supp.2d 1191, 1195 n. 3 (E.D. Cal. 2009); accord:  *Hill v.*

20   *Mortgage Electronic Registration Systems, Inc.*, 2012 WL 94476, at *4 (C.D. Cal. 2012); *Lomboy v.*

21   *SCME Mortgage Bankers*, 2009 WL 1457738, at *3 (N.D. Cal. 2009). *Foster v. SCME Mortg.*

22   *Bankers, Inc.*, No. 2:10-518 WBS GGH, 2010 U.S. Dist. LEXIS 70378, at *8 (E.D. Cal. June 25,

23   2010).

24          That being said, MERS actually registered with the California Secretary of State on July 21,

25   2010 and is therefore "entitled to have its prior transactions given full effect."  *Perlas v. MERS*, No.

26   C-09-4500-CRB, 2010 WL 3079262, at *7 (N.D., Cal., Aug. 5, 2010).  Specifically, a corporation's

27   past, unregistered business activities are "retroactively validated" upon later, successful registration

28   with the Secretary of State. *Id.*

1

Moreover, assuming *arguendo* that the Deed of Trust does in fact fall within the scope of

2

Cal. Rev. & Tax Code §§ 23304.1 and is voidable based upon MERS' prior registration status,

3

Plaintiff cannot void the Deed of Trust because the statute of limitations has expired. A general

4

claim to rescind an instrument is subject to a four-year statute of limitations pursuant to California

5

Code of Civil Procedure § 343. *See Moss v. Moss*, 20 Cal. 2d 640, 645 (1942). Further, an action

6

based upon a liability created by a statute is subject to a three-year statute of limitations. Code Civ.

7

Proc. § 338; *see Pac. Coast Med. Enters. v. Dep't of Benefit Payments,* 140 Cal. App. 3d 197, 215

8

(1983). As Plaintiff signed the Deed of Trust on June 5, 2008, any claim for cancellation is

9

untimely.

10

In addition, it is worth noting that Plaintiff has failed to establish how she suffered any

11

damages as a result of MERS' registration status with the State of California in 2008. While

12

Plaintiff claims that MERS' alleged violation of a California Corporations Code § 2105 has caused

13

her "injury including the threat of losing her property…anxiety, worry, mental physical, and

14

emotional distress and other incidental and consequential damages" (Compl., ¶ 27), it is unclear as to

15

how these alleged injuries are in any way related to MERS' registration status. Specifically, § 2105

16

simply provides that "[a] foreign corporation shall not transact intrastate business without having

17

first obtained from the Secretary of State a certificate of qualification." Further, the penalty for

18

violating § 2105 is limited to statutory fines payable to the Secretary of State and a prohibition upon

19

maintaining an action in California courts prior to completing registration. Accordingly, it is clear

20

that MERS' previous registration status did not have any impact on Plaintiff's ability to pay her

21

mortgage and accordingly, Plaintiff has suffered no harm as a result of MERS' alleged failure to

22

register.

23

For all of the above reasons, Plaintiff's first cause of action must fail.

24

**3. Plaintiff's Second And Third Fraud-Based Causes Of Action Fail As A**

25

**Matter Of Law**

26

In her second and third causes of action, Plaintiff asserts the fraud-based claims of intentional

27

misrepresentation and negligent misrepresentation against Defendants concerning the origination of

28

her loan and her attempts to obtain a loan modification. (Compl., ¶¶ 29-36). The elements of a

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

cause of action for fraud consist of (a) misrepresentation, (b) knowledge of falsity, (c) intent to defraud or induce reliance, (d) justifiable reliance, and (e) resulting damage.  *Philipson & Simon v. Gulsvig*, 154 Cal.App.4th 347, 363 (2007).  "[E]very element of the cause of action for fraud must be alleged in full, factually and specifically,…."  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1331 (1986).  Furthermore, as to corporate defendants like CitiMortgage and MERS, Plaintiff must also "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."  *Tarmann v. State Farm Mut. Auto Ins. Co*., 2 Cal.App.4th 153, 157 (1991); *accord Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal.App.4th 1602, 1615 (2011) (affirming decision to sustain demurrer to fraud claim where plaintiffs did "not say who at [the defendant company] made any statements to them").  "The same elements comprise a cause of action for negligent misrepresentation, except there is not a requirement of intent to induce reliance."  *Cadio v. Owens–Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004).  Accordingly, California courts have similarly held that "[e]ach element in a cause of action for … negligent misrepresentation must be factually and specifically alleged."  *See id.*, citing *Small v. Fritz Companies, Inc.,* 30 Cal.4th 167, 173 (2003).

Plaintiff's allegations in support of her second and third causes of action do not meet the heightened particularity standard.  Her allegations fall far short of informing Defendants of their role in the alleged fraud by failing to identify the time, place, and nature of the alleged fraudulent statements or who made the supposedly false statements on Defendants' behalf.  Plaintiff's claims are therefore not pled with the requisite specificity and necessarily fail as a result.

Moreover, as discussed above, to the extent these alleged misrepresentations were made at the time of the origination of Plaintiff's loan (*e.g.* Compl., ¶¶ 31, 35), these claims also fail because they are time-barred.  Plaintiff obtained her loan in 2008.   The statute of limitations for an action for relief on the basis of fraud is three years.  Code Civ. Proc. § 338(d).  Plaintiff did not file suit until March of 2014.  These claims run afoul of the applicable statute of limitations as a result..

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

4.      **Plaintiff's Fourth Cause Of Action For Breach Of Contract Fails To State A Claim**

Plaintiff contends that Defendants breached an agreement by "failing to comply with its own underwriting requirements in giving loan terms that were unfair or not supported by Plaintiff's income; by offering no interest or adjustable rate loans which later skyrocketed upwards; balloon payments due in the midst of an economic crisis; providing too much money for a loan they knew Plaintiff[] couldn't afford; by failing to provide adequate notice of default and its intent to accelerate the payment requirements."  (Compl., ¶ 40).

However, "[u]nder a breach of contract theory, the plaintiff must demonstrate a contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach, and damage to the plaintiff."  *Amelco Electric v. City of Thousand Oaks*, 27 Cal.4th 228, 243 (2002).  Thus, a plaintiff's first obligation is to identify the contract under which she sues.  Notably, a plaintiff must identify some specific contractual provision that was supposedly breached.  *Williams v. Bank of Am.*, 2010 WL 3034197, *4 (E.D. Cal. 2010) ("A breach of contract claim rests upon the actual terms of a contract and Plaintiffs fail to allege any breach of the express provisions of a contract… Consequently… further amendment would be futile.").  Here, Plaintiff fails to identify any specific provision of any specific agreement that Defendants allegedly breached.  Further, to the extent the alleged contract at issue in this cause of action is written, this claim must fail because Plaintiff did not attach a copy of the alleged contract to the Complaint nor did she cite to the applicable terms of this contract in her pleading.

In addition, "it is elementary that one party to a contract cannot compel another to perform while he himself is in default." *Durell v. Sharp Healthcare,* 183 Cal.App.4th 1350, 1367-1368 (2010) (citation omitted); *see also* Civ. Code § 1439.)   Failure to allege performance or a sufficient excuse for nonperformance is fatal to a breach of contract claim. *Hamilton v. Greenwich Investors XXVI,* LLC, 195 Cal.App.4th 1602, 1614 (2011).  Here, Plaintiff claims to be "ready, willing, and able to perform all of the obligations" while, at the same time, also admits to being unable to afford the loan payments and further references a default status.  (Compl., ¶ 49).  Thus, Plaintiff's admitted inability to pay the loan precludes her breach of contract claim.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1   Further, a closer reading of Plaintiff's breach of contract claims reveals that these allegations

2   are actually "predatory lending" claims disguised as breach of contract allegations.  The acts that

3   Plaintiff refers to in her fourth cause of action are premised upon acts or omissions that occurred at

4   the origination of Plaintiff's loan in 2008.  While Plaintiff fails to allege whether the contract at issue

5   is oral or written, this claim is untimely regardless.  *See* Code Civ. Proc. §§ 337 (four-year

6   limitations period of claim based on breach of written contract), 339 (two-year limitations period of

7   claim based on breach of oral contract).

8   For all of these reasons, Plaintiff's breach of contract claim must fail.

9   **5.    Plaintiff's Fifth Cause Of Action For Breach Of Warranty Of Good Faith**

10   **and Fair Dealing Fails To State A Claim**

11   Plaintiff's fifth cause of action purports to assert a claim for breach of the covenant of good

12   faith and fair dealing.  However, "[u]nder California law, the implied covenant of good faith protects

13   only the express promises of the contract."  *Chroma Lighting v. GTE Products Corp.*, 111 F.3d 137,

14   1997 WL 175062, *4 (9th Cir. 1997) (citations omitted).  It "rests upon the existence of some

15   specific contractual obligation."  *Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*, 11 Cal.

16   App. 4th 1031, 1032 (1992) (emphasis added).  "The covenant 'cannot impose substantive duties or

17   limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'"

18   *Agosta v. Astor*, 120 Cal. App. 4th 596, 607 (2004) (emphasis added) (quoting *Guz v. Bechtel*

19   *National, Inc.*, 24 Cal.4th 317, 349–50 (2000)).

20   As an initial matter, Plaintiff fails to specifically cite to a particular agreement that the

21   Defendants breached.  Instead, Plaintiff generally states that Plaintiff and Defendants "entered into a

22   contract for loan repayments."  (Compl., ¶ 43).  However, "the covenant of good faith and fair

23   dealing is, by definition, an implied contract term.   It has no relation to any statutory duties which

24   may exist."  *Smith v. City & County of San Francisco*, 225 Cal.App.3d 38 (1990).  Here, it is unclear

25   as to what conduct the Defendants engaged in that would give rise to a breach of the implied

26   covenant of good faith and fair dealing.  Specifically, Plaintiff makes vague allegations that purport

27   to assert various arguments that have been repeatedly rejected in foreclosure cases concerning the

28   possession of a promissory note.  (Compl., ¶ 45).  Plaintiff does not state any facts to support these

claims. More importantly, Plaintiff fails to specify any explicit term in any explicit agreement upon which to attach an implied duty.

Further, "tort recovery for breach of the covenant of [good faith and fair dealing] is available only in limited circumstances, generally involving a special relationship between the contracting parties…." *Bionghi v. Metro Water Dist.*, 70 Cal.App.4th 1358, 1370 (1999); *accord Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) ("Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'"). The "implied covenant tort is not available to parties of an ordinary commercial transaction where the parties deal at arms' length." *Pension Trust Fund,* 307 F.3d at 955; *see also Copesky v. Superior Court*, 229 Cal.App.3d 678, 694 (1991) ("[T]he bank-depositor relationship is not a 'special relationship' . . . such as to give rise to tort damages when an implied contractual covenant of good faith is broken."); *Lal v. American Home Mortg. Servicing, Inc.*, 2009 WL 3126450, *4 (E.D. Cal. Sept. 24, 2009) ("California has rejected a rule that would apply tort recovery for breach of the implied covenant in 'normal commercial banking transactions.'"). Here Plaintiff has "pled no facts establishing a 'special relationship' between" herself and Defendants. *See Leids v. Metlife Home Loans*, 2009 WL 4894991, *3 (C.D. Cal. Dec. 7, 2009). Thus, to the extent she seeks tort damages for her breach of the implied covenant claim, her claim must fail.

Consequently, this cause of action must fail.

### 6. Plaintiff's Sixth Cause Of Action For Negligence Fails To State A Claim

Plaintiff's claim for negligence is asserted against CitiMortgage only. "The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angele*s, 66 Cal.App.4th 1333, 1339 (1998) (citation omitted). The existence of a duty is a matter of law determined by the court. *Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal.4th 814, 819 (1997). "Absent the existence of duty… there can be no breach and no negligence." *Nichols v. Keller*, 15 Cal.App.4th 1672, 1683 (1993).

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

California courts have long held that there is no fiduciary duty or duty of care owed to a borrower where an institution's involvement in the loan transaction "does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1096 (1991). Further, "[a]bsent 'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary relationship between the borrower and lender.'" *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006).

Here, Plaintiff has not alleged any special circumstances that would impose a duty of care on CitiMortgage, which she admits is the servicer of her loan. (Compl., ¶ 2). *See Madrid v. Bank of America Corp.*, 2011 WL 1597475, *3 n.1 (S.D. Cal. Apr. 26, 2011) (dismissing negligence claim against beneficiary and servicer because "absent special circumstances a loan transaction is at arms-length and no duties arise from the loan transaction outside of those in the agreement") (citing *Oaks Mgmt. Corp.*, 145 Cal.App.4th at 466). This claim must be dismissed as a result.

### 7. Plaintiff's Seventh Cause Of Action For Violation of California Business And Professions Code Section 17200 Fails To State A Claim

Plaintiff purports to assert a claim for violations of Business and Professions Code section 17200 (the "UCL"). To state a claim under the UCL, a plaintiff must allege that a given defendant engaged in an "unlawful, unfair or fraudulent business act or practice" which caused the plaintiff to suffer "injury in fact" and "lost money or property." *See* Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of America*, 115 Cal. App. 4th 322 (2004). In doing so, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

As discussed above, any allegations with respect to the origination of Plaintiff's loan do not state a claim because they are time-barred. *See* Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued.").

Further, Plaintiff has not alleged the existence of any "unlawful, unfair or fraudulent business act or practice." To the extent these claims are brought under the "unlawful" prong of the UCL, they fail because Plaintiff fails to properly allege the violation of any other law. *See Krantz v. BT Visual*

13

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1   *Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) ("unlawful" prong requires underlying violation of

2   law); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190-91  (N.D. Cal. 2009)

3   ("[S]ince the Court has dismissed all of the Plaintiff's predicate violations, Plaintiff cannot state a

4   claim under the unlawful business practice prong of the UCL.").

5        To whatever extent Plaintiff attempts to bring claims under the UCL's "unfair" or

6   "fraudulent" prong, this claim is inadequately pled.  An "unfair" practice must be "tethered" to

7   specific "constitutional, statutory, or regulatory provisions."  *Scripps Clinic v. Superior Court*, 108

8   Cal. App. 4th 917, 940 (2003).  Because Plaintiff fails to plead, with particularity, that Defendants

9   engaged in such "unfair" practices, she fails to state a claim under the "unfair" prong of the UCL.

10  *See Khoury,* 14 Cal.App.4th at 619 (UCL claims must be pled with particularity).  Further, "to state a

11  claim under the UCL based on fraudulent conduct, a plaintiff must allege, with particularity, facts

12  sufficient to establish that the public would likely be deceived by Defendants' conduct."  *Perez v.*

13  *Wells Fargo Bank, N.A.*, 2011 WL 3809808, *16 (N.D. Cal. Aug, 29, 2011).  No such conduct is

14  alleged here.  *See id.* at *16 (dismissing UCL claim explaining that "Plaintiffs have not met this

15  standard because they have not identified specific deceptive statements or omissions … or alleged

16  facts showing why those specific statements or omissions would be likely to deceive the public.");

17  *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1077 (E.D. Cal. Jan. 20, 2012) (dismissing UCL claim

18  because "[t]he complaint … lacks … facts to describe how consumers were deceived").

19       Finally, Plaintiff lacks standing to bring a UCL claim against Defendants in the first place.

20  "To bring a claim under the UCL, … [a plaintiff] must have suffered an injury in fact and lost money

21  or property as a result of [the] alleged unfair or fraudulent practices."  *DeLeon v. Wells Fargo Bank,*

22  *N.A.*, 2011 WL 311376, *7  (N.D. Cal. Jan. 28, 2011) (citing Cal. Bus. & Prof. Code § 17204). "That

23  causal connection is broken when a complaining party would suffer the same harm whether or not a

24  defendant complied with the law."  *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007).

25  In this case, Plaintiff does not allege that she paid Defendants any money other than that due and

26  owing on her loan, and she does not allege that she has lost any property as a result of Defendants'

27  actions.   As a result, Plaintiff lacks standing to assert a UCL claim.

28       For the reasons stated above, Plaintiff's claim must fail.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1

2

       8.     **Plaintiff's Eighth Cause Of Action For Declaratory Relief Fails As A Matter Of Law**

3

4

5

6

7

8

"The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject." *Californians for Native Salmon and Steelhead Ass'n v. Department of Forestry*, 221 Cal.App.3d 1419, 1429 (1990); Code Civ. Proc., § 1060. Where there is no such controversy, a claim for declaratory relief may be dismissed. *Hagan v. Fairfield*, 238 Cal.App.2d 197, 202 (1965). Here, Plaintiff seeks declarations regarding the parties' rights and duties with respect to the Note, Deed of Trust, and interest in the subject Property. (Compl., ¶¶ 62(a)-(f)).

9

10

11

12

13

14

15

Plaintiff's claim for declaratory relief must fail because it is not a cause of action, but a form of equitable relief. *See Batt v. City and County of San Francisco*, 155 Cal.App.4th 65, 82 (2007). Equitable remedies "are dependent upon a substantive basis for liability, [and] they have no separate viability" if all the plaintiff's other claims fail. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1023, n. 3 (2000). As Plaintiff does not assert a single viable cause of action against Defendants, there is nothing to support Plaintiff's request for declaratory relief, and the claim fails as a result.

16

17

       9.     **Plaintiff's Ninth Cause Of Action For Injunctive Relief Fails As A Matter Of Law**

18

19

20

21

22

23

In Plaintiff's ninth cause of action, Plaintiff requests a restraining order and injunction to prevent Defendants from "selling, hypothecating or otherwise dipos[ing] of Plaintiff's property until final resolution of this lawsuit." (Compl., ¶ 66). However, injunctive relief is a remedy rather than an independent claim. As a remedy, injunctive relief may be awarded only when a complaint otherwise states a breach by the defendant of a duty it owes the plaintiff. *See McDowell v. Watson*, 59 Cal. App.4th 1155, 1159 (1997); *Shell Oil v. Richter*, 52 Cal.App.2d 164, 168 (1942).

24

25

Because Plaintiff's Complaint contains no substantive basis for this form of relief, this claim must fail.

26

## IV.    CONCLUSION

27

28

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss this action in its entirety.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Dated:  April 28, 2014

Respectfully submitted,
LOCKE LORD LLP


By: */s/ Regina J. McClendon*
Regina J. McClendon
Lindsey E. Kress

Attorneys for Defendants
CITIMORTGAGE, INC. and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. (erroneously sued as MERSCORP
HOLDINGS INC.)

Defendants' Motion to Dismiss Plaintiff's Complaint
*Curl v. CitiMortgage, et al.*, Case no. 3:14-cv-01829-VC