UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTELL CURL,<br>　　　　　Plaintiff,<br>　　v.<br>CITIMORTGAGE, INC., et al.,<br>　　　　　Defendants. | Case No. 14-cv-01829-VC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 18 |

The motion to dismiss is granted.

Plaintiff Chantell Curl sues Defendants CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS"), bringing a number of claims related to a mortgage loan secured by real property in Antioch, California. Though not entirely clear, Curl's first cause of action, for "cancelation of voidable contracts" under California Revenue and Tax Code §§ 23304.5 and 23305a, and violations of California Corporations Code §§ 191(c)(7) and 2015, appears to seek a determination that the deed of trust securing the mortgage note is void or voidable due either to MERS's failure to comply with California franchise tax laws or to its failure to obtain a valid Certificate of Qualification from the California Secretary of State. But even assuming these allegations stated a claim, it is clear from the face of the complaint that such a claim would be time-barred. Curl entered into the deed of trust, on which MERS is listed as beneficiary, as of June 5, 2008. Compl. ¶ 3. Curl's complaint was filed nearly six years later. Even if the deed of trust were a contract between Curl and MERS that was voidable based on MERS's status at the time of the transaction, California's four-year catch-all limitations period applies to actions to cancel an instrument. *See Moss v. Moss*, 128 P.2d 526, 528–29 (Cal. 1942).

1　　　Curl's second and third causes of action, for intentional misrepresentation and negligent
2　misrepresentation respectively, both fail to satisfy Federal Rule of Civil Procedure 9(b)'s
3　heightened pleading requirement for fraud-based claims. To successfully plead claims grounded
4　in fraud, a complaint must "state the time, place, and specific content of the false representations
5　as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356
6　F.3d 1058, 1066 (9th Cir. 2004) (quoting *Alan Neuman Prods, Inc. v. Albright*, 862 F.2d 1388,
7　1392–93 (9th Cir. 1988)). Curl's complaint fails to provide the necessary allegations of "the who,
8　what, where, when, and how" of the fraud. *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097,
9　1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1998)).

10　　　Moreover, Curl's misrepresentation claims stem from representations Curl alleges were
11　made to her at the time she entered into the loan. Compl. ¶¶ 31, 35. Pursuant to California Code
12　of Civil Procedure § 338(d), there is a three-year statute of limitations for "[a]n action for relief on
13　the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued
14　until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." For
15　negligent misrepresentation, there is a two-year statute of limitations. Cal. Civ. Proc. Code
16　§ 339(1). In her opposition to the motion to dismiss, Curl argues that her claims are not time
17　barred because she did not discover the alleged misrepresentations until the completion of a
18　forensic audit of her loan in 2013. Docket No. 23, page 7. But "[a] plaintiff whose complaint
19　shows on its face that his claim would be barred without the benefit of the discovery rule must
20　specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have
21　made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show
22　diligence, and conclusory allegations will not withstand demurrer." *E-Fab, Inc. v. Accountants,*
23　*Inc. Servs.*, 64 Cal. Rptr. 3d 9, 17 (Ct. App. 2007) (quoting *McKelvey v. Boeing N. Am., Inc.*, 86
24　Cal. Rptr. 2d 645, 651 (Ct. App. 1999)). Curl's complaint fails to specifically plead such facts.

25　　　Curl's fourth cause of action, for breach of contract, fails because her complaint does not
26　identify any express contractual provision that was breached by Defendants. *See First*
27　*Commercial Mortgage Co. v. Reece*, 108 Cal. Rptr. 2d 23, 33 (Ct. App. 2001) ("[T]he elements of
28　[a breach of contract] cause of action are the existence of the contract, performance by the plaintiff

or excuse for nonperformance, breach by the defendant and damages."); *see also In re Leisure Corp.*, C-03-03012 RMW, 2007 WL 607696 (N.D. Cal. Feb. 23, 2007) ("[Plaintiff]'s allegations do not set forth a viable breach of the contract claim because . . . [Plaintiff] cannot point to any specific contractual term that was breached by [Defendant]."); *Gutierrez v. State Farm Mut. Ins. Co.*, 5:11-CV-03111 EJD, 2012 WL 398828 (N.D. Cal. Feb. 7, 2012); *Kroetch v. BAC Home Loan Servs.*, C 11-2860 MEJ, 2011 WL 4502350, at *4 (N.D. Cal. Sept. 27, 2011).

Similarly, Curl's fifth cause of action, for breach of the warranty of good faith and fair dealing, fails because the complaint fails to identify any express provision in any contract upon which the implied covenant attaches. *See Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 14 Cal. Rptr. 2d 335, 339 (Ct. App. 1992) ("If there exists a contractual relationship between the parties . . . the implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contact."); *Foley v. Interactive Data Corp.*, 765 P.2d 373, 394 (Cal. 1988) ( "The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purposes."). Nor does the complaint identify any special relationship that would allow tort recovery. *See Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) ("Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.' Thus, the implied covenant tort is not available to parties of an ordinary commercial transaction where the parties deal at arms' length." (citations omitted) (quoting *Mitsui Mfrs. Bank v. Superior Court*, 260 Cal. Rptr. 793, 795–96 (Ct. App. 1989)).

Curl's sixth cause of action, for negligence, fails because it does not plausibly allege any duty owed to Curl. *See Mendoza v. City of L.A.*, 78 Cal. Rptr. 2d 525, 528 (Ct. App. 1998) ("The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury."). The complaint alleges that the defendants owed Curl a duty to "provide her with mortgages and rates that are not predatory, as well as loan documents that are not unconscionable" and to "negotiate

with her in good faith" after she requested a loan modification. However, under California law "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 283 Cal. Rptr. 53, 56–57 (Ct. App. 1991); *see also id.* ("[A] lender has no duty to disclose its knowledge that the borrower's intended use of the loan proceeds represents an unsafe investment."). And it is well established that loan modifications fall well within a financial institution's conventional money-lending role. *See Gonzalez v. Wells Fargo Bank*, 5:12-CV-03842 EJD, 2012 WL 5350035 (N.D. Cal. Oct. 29, 2012).

Curl points to *Alvarez v. BAC Home Loans Servicing, L.P.*, 176 Cal. Rptr. 3d 304 (2014), where the California Court of Appeal found that a plaintiff had stated a claim for negligence based on the plaintiffs' allegations in that case "that defendants owed them a duty to exercise reasonable care in the review of their loan modification applications once they had agreed to consider them." *Id.* at 306. But while it may be the case under *Alvarez* that, once a lending institution agrees to consider a loan modification, it then has a duty to exercise reasonable care in doing so, Curl's complaint does not allege that CitiMortgage ever agreed to consider her application for a loan modification. *See* Compl. ¶¶ 47–50.

In her opposition to the defendants' motion to dismiss, Curl argues that CitiMortgage has a duty under California Civil Code § 2923.6(b) to "offer [Curl] the opportunity to apply [for a loan modification] and to consider her application." Section 2923.6(b) provides that "[i]t is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." While this provision expresses the California Legislature's "strong preference for fostering more cooperative relations between lenders and borrowers who are at risk of foreclosure," *Jolley v. Chase Home Fin., LLC*, 153 Cal. Rptr. 3d 546, 571 (2013), it does not establish that a lender owes the borrower a duty to consider every application for a loan modification.

Curl's seventh cause of action alleges violation of California Business and Professions Code § 17200 (the "UCL"). The UCL prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading

4

advertising." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Curl appears to bring her UCL claims under the "unlawful" prong. *See* Compl. ¶¶ 52–58. But Curl's complaint does not plausibly allege any violation of any constitutional, statutory, or regulatory provision that would provide the basis of an "unlawful business . . . act" claim. *See Farmers Ins. Exch. v. Superior Court*, 826 P.2d 730, 734 (Cal. 1992); *see also Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1150 (N.D. Cal. 2010) (explaining that "common-law claims cannot form the basis for a UCL claim" brought under the "unlawful" prong). Moreover, to the extent that Curl attempts to bring a claim "grounded in fraud" under any prong of the UCL, the pleading of such a claim fails to satisfy the particularity requirement of Rule 9(b). *See Vess*, 317 F.3d at 1103–04.

Curl's eighth and ninth causes of action, for declaratory and injunctive relief respectively, do not state stand-alone claims. Because Curl's substantive claims fail, these claims must also be dismissed. As none of the individual causes of action in Curl's complaint states a plausible claim for relief, the Court need not reach the defendants' alternative argument that Curl's claims are barred by the doctrine of judicial estoppel. Furthermore, the defendants have not adequately explored this issue in their motion to dismiss—for example, although the defendants' judicial estoppel argument may well have merit, the defendants have not adequately explained how Curl's failure to amend her bankruptcy schedules to include the claims she now brings against the defendants satisfies the factors that "typically inform the decision whether to apply the doctrine in a particular case," *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). In the bankruptcy context, those factors include whether

> (1) the positions are clearly inconsistent ("a claim does not exist" vs. "a claim does exist"); (2) the plaintiff-debtor succeeded in getting the first court (the bankruptcy court) to accept the first position; and (3) the plaintiff-debtor obtained an unfair advantage (discharge or plan confirmation without allowing the creditors to learn of the pending lawsuit).

*Ah Quin v. Cnty of Kauai*, 733 F.3d 267, 271 (2013).

Although it is difficult to imagine Curl will be able to amend her complaint to cure its defects, dismissal is with leave to amend. If she chooses to file an amended complaint, she must

1 do so within 21 days of the date of this order.

3 **IT IS SO ORDERED**.

4 Dated: October 17, 2014

_____
VINCE CHHABRIA
United States District Judge