UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTELL CURL,<br>          Plaintiff,<br>    v.<br>CITIMORTGAGE, INC., et al.,<br>          Defendants. | Case No. 14-cv-01829-VC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 30 |

On November 24, 2014, the defendants filed a motion to dismiss the plaintiff's First Amended Complaint. (Docket No. 30.) The Court was prepared to dismiss the complaint on judicial estoppel grounds, subject to any additional arguments raised by counsel for the plaintiff at the hearing on the motion, which was scheduled for January 22, 2015. However, the plaintiff's counsel failed to appear at the hearing and, as of the date of this Order, has provided no explanation for this absence.

Accordingly, the defendants' motion to dismiss is granted. "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001). The plaintiff filed a voluntary petition for Chapter 13 bankruptcy in August 2011. FAC ¶ 7. Although the plaintiff alleged in her First Amended Complaint that she had concerns about the terms of her mortgage loan as early as 2010, FAC ¶ 27, she did not list any claims relating to her loan in her bankruptcy schedules. *See Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) ("We recognize that *all* facts were not known to [the plaintiff] at that time, but enough was known to require notification of the existence of the asset to the bankruptcy court."). Moreover, although the plaintiff's

bankruptcy proceeding is still active, she has not amended her schedules to include the claims she now brings against the defendants. This is so despite the fact that the plaintiff has been on notice since, at the very latest, August 2014 (when the defendants raised judicial estoppel concerns in their first motion to dismiss) of her obligation to amend her schedules. *See* Docket No. 18. The Court therefore concludes that the plaintiff is judicially estopped from pursuing these claims, and grants defendants motion to dismiss on that ground. *See generally Rabidou v. Wachovia Corp.*, No. 5:14-CV-03684-PSG, 2014 WL 7206700 (N.D. Cal. Dec. 18, 2014).

However, given counsel's failure to appear at the hearing on the motion to dismiss, the Court is concerned that counsel may not have communicated with the plaintiff about the judicial estoppel issue and the need to amend her bankruptcy schedule. Therefore, this is a conditional dismissal. If, within 21 days of the date of this order, the plaintiff is able to make a showing that her failure to amend her bankruptcy schedule is the result of her lawyer's inadequate representation, the Court will consider reopening the case.[1] If the plaintiff does not file anything on this issue within 21 days, dismissal will be with prejudice.

The Clerk's Office is directed to close the file. The Clerk's Office is also directed to mail a copy of this order to any address it has on file for the plaintiff.

**IT IS SO ORDERED**.

Dated: January 23, 2015

VINCE CHHABRIA
United States District Judge

---

[1] If the Court were to grant a request to reopen the case, it would at that time reach the alternative grounds that defendants raise for dismissal of plaintiffs' claims.

2

<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTELL CURL,<br><br>    Plaintiff,<br><br>    v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>    Defendants. | Case No.  14-cv-01829-VC<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 1/26/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Chantell Curl
5309 Nez Perce Way
Antioch, CA 94531


Dated: 1/26/2015

    Richard W. Wieking
    Clerk, United States District Court


By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA